UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROY ELIZE FERGUSON III,<br><br>                Plaintiff,<br><br>vs.<br><br>JANIECE PRICE, SCOTT A PEARSON, ROBERT C NAFTZ, and STATE OF IDAHO,<br><br>                Defendants. | Case No. 4:22-cv-00178-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Roy Elize Ferguson III, an inmate being held in the Bannock County Jail on probation violations, asserts that, between October 2020 and June 2021, the prosecutor, judge, and public defender violated his due process and equal protections rights in the determination of a probation violation. He asserts that the alleged drug that was the subject of the probation violation was not tested before the hearing. (Dkt. 3.) The Court now reviews the Complaint to determine whether Plaintiff can proceed.

1. **Standard of Law for Summary Dismissal**

The Court is required to review prisoner complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2. **Discussion**

   a. *Claims implicating* **Heck v. Humphrey** *Bar*

Plaintiff's claims challenging the outcome of his probation violation in state court appear to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted).

The *Heck* principle has been extended to parole and probation claims. Certain claims may be brought under § 1983 claims if they meet the *Heck* test, while others must be asserted in habeas corpus actions. *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013) (probation); *Wilkinson v. Dotson*, 544 U.S. 74 (2005) (parole).

Here, if this Court concluded that Plaintiff was found in violation of his probation due to improper treatment of evidence, ineffective assistance of the public defender, prosecutorial misconduct, or judicial error, it would invalidate the probation violation order of the state court. Therefore, he cannot proceed. Plaintiff first must seek relief in the state court system, and then he may seek habeas corpus relief in federal court. Only after Plaintiff takes one or both those steps and is successful may he file a § 1983 action.[1] If he has done so, he may seek reconsideration of this Order.

---

[1] The statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

### b. *Claims against Judge Naftz: Absolute Judicial Immunity*

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges. . . .'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman*, 793 F.2d at 1078).

In addition, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

There are two circumstances in which absolute judicial immunity does not apply. First, a judge may not rely on immunity when he or she performs an act that is not "judicial" in nature. *Stump*, 435 U.S. at 360. For example, when a judge used physical force to evict a person from the courtroom, the Ninth Circuit held that the judge performed a nonjudicial act not covered by absolute immunity. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a judge ordered officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom," judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly…. A judge will not be deprived of immunity because the action he *took was in error, was done maliciously, or was in excess of his authority." Id.* at 356.

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357.

In Idaho, the state district courts have original jurisdiction over all cases and proceedings in law and in equity. I.C. § 1-705; Idaho Const. art. V, § 20. The jurisdiction of magistrate judges is "established by legislation, I.C. §§ 1-2208, 1-2210; under the Idaho Constitution, ID. Const. art. 5, § 2; by rule of the Idaho Supreme Court, I.R.C.P. 82; and by the rules of the respective district courts, e.g., 4th Judicial District Court Rule 3.0 (1979)." *Marks v. Vehlow*, 105 Idaho 560, 564, 671 P.2d 473, 476 (Idaho 1983).

District court and magistrate judges have jurisdiction to hear criminal misdemeanor and quasi-criminal actions. I. C. § 1-705; I.C. § 1-2208. By statute, state magistrate judges may be assigned to preside over "[p]roceedings for the preliminary examination to determine probable cause, commitment prior to trial or the release on bail of persons charged with criminal offenses." I.C. § 1-2208(3)(d).

Here, Plaintiff complains of acts and decisions Judge Naftz made in the course of presiding over Plaintiff's criminal probation action or quasi-criminal action. Nothing

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

appears to have been beyond the judge's jurisdiction. Rather, everything complained of was performed in the exercise of the judge's judicial functions. Therefore, Judge Natz's decisions, acts, and omissions in that matter are covered by absolute judicial immunity; he cannot be sued in a civil rights action for alleged evidentiary and other failures in conducting a hearing in that matter. All claims against Judge Natz will be dismissed with prejudice.

### c. *Claims against Prosecutor JaNiece Price*

Federal appellate courts have repeatedly ruled that a prosecutor is entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the criminal judicial process. *See*, *e.g.*, *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Tasks that are an integral part of the criminal justice process include initiating and pursuing a criminal prosecution, *Imbler v. Pachtman*, 424 U.S. at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), and participating in probable cause hearings, *Burns v. Reed*, 500 U.S. 478 (1991). Nonetheless, because the immunity test is based upon function, a prosecutor has only qualified immunity for "performing investigatory or administrative functions, or [when he] is essentially functioning as a police officer or detective." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (relying on *Buckley v. Fitzsimmons*). In *Bly-Magee v. California*, 236 F.3d 1014 (9th Cir.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

2001), the United States Court of Appeals for the Ninth Circuit extended quasi-judicial immunity for attorneys general for conduct related to their state litigation duties in defending state actors in civil suits.

Nothing in the Complaint shows that this defendant performed any act that was not within the bounds of the probation violation and criminal cases that she was prosecuting. Plaintiff contends that the prosecutor participated in a hearing without having determined whether the substance at issue was a drug, and then went back and had the drug tested at a later time. Because these acts were done in the midst of a prosecution, and not simply as an investigatory or administrative act outside of a prosecution, Plaintiff's claims fail on the prosecutorial function test. Price is entitled to immunity on Plaintiff's claims because she was acting as a prosecutor when she acted or omitted to act in the manner described in the Complaint.

### d. *Claims against Public Defender Scott A Pearson*

Plaintiff's claims against his appointed defense attorney fail for a different reason. In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court reiterated its earlier holding that criminal defense attorneys are not considered "state actors" under § 1983:

> Indeed, *Polk County v. Dodson*, [454 U.S. 312 (1981)] . . . is the only case in which this Court has determined that a person who is employed by the State and who is sued under § 1983 for abusing his position in the performance of his assigned tasks was not acting under color of state law. The Court held that "a public defender does not act under color of state law

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

> when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S., at 325, 102 S.Ct., at 453. In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. *Id.*, at 321 322, 102 S.Ct., at 451. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. *Id.*, at 318 319, 320, 102 S.Ct., at 450. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary." *Id.*, at 323, n. 13, 102 S.Ct., at 452, n. 13. *See also Lugar v. Edmondson Oil Co.*, 457 U.S., at 936, n. 18, 102 S.Ct., at 2753, n. 18.

*Id.* at 50.

As a result, Plaintiff cannot sue his defense attorney under § 1983. This claim is subject to dismissal.

### e. *Claims against State*

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

*Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff cannot proceed against the State of Idaho.

### 3. Conclusion

Plaintiff cannot proceed on any of his claims. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Here, the Court concludes that amendment in this case would be futile and a waste of judicial resources because (1) he has not invalidated his probation violation, and (2) the defendants are either immune from suit or not classified as state actors. There are no facts the Court can conceive of that would remedy these latter deficiencies. Accordingly, this case will be dismissed for failure to state a claim upon which relief can be granted and on immunity grounds.

### ORDER

**IT IS ORDERED:**

1. Plaintiff's Motions to Appoint Attorney (Dkts. 5, 10) is DENIED as MOOT.

2. Plaintiff's Complaint (Dkt. 3) is DISMISSED for failure to state a federal claim upon which relief can be granted; the claims against the prosecutor and state court judge are DISMISSED with prejudice on judicial immunity and quasi-judicial immunity grounds.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

DATED: September 13, 2022

_____
B. Lynn Winmill
U.S. District Court Judge